IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

CASE NO. 24-3869
CASE NO. 24-3953

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

CHRISTOPHER UGOCHUKWU,
Defendant-Appellant.

On Appeal from the United States District Court
for the Northern District of Ohio, Eastern Division

BRIEF OF PLAINTIFF-APPELLEE,
THE UNITED STATES OF AMERICA

CAROL M. SKUTNIK
Acting United States Attorney
Northern District of Ohio

*/s/ Joseph H. Walsh*
Joseph H. Walsh
Assistant United States Attorney
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
Telephone: (216) 622-3833
Joseph.Walsh@usdoj.gov

Counsel for Plaintiff-Appellee

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................i

TABLE OF AUTHORITIES ........................................................ iii

STATEMENT REGARDING ORAL ARGUMENT ............................v

JURISDICTIONAL STATEMENT ...............................................1

STATEMENT OF THE ISSUES....................................................2

STATEMENT OF THE CASE.......................................................3

    I.     Introduction .........................................................3

    II.    Background ...........................................................4

         A.    Ugochukwu receives a within-Guidelines sentence of 320 months' imprisonment after a jury convicts him of leading a multi-kilogram, heroin-distribution conspiracy. .....................4

         B.    In 2015, following Amendments 782 and 788 to the Sentencing Guidelines, Ugochukwu moves for a sentence reduction.  The district court denies his motion, citing the 18 U.S.C. § 3553(a) factors.........................................................7

         C.    The district court denies Ugochukwu's more recent substantively-identical, sentence-reduction motions. ................8

SUMMARY OF THE ARGUMENT ....................................................11

ARGUMENT ....................................................................12

    I.     This Court should affirm the district court's denial of Ugochukwu's sentence-reduction motions..........................................12

         A.    Standard of review. .................................................12

         B.    Ugochukwu's sentence-reduction motions are untimely and violate the law-of-the-case doctrine..........................................13

         C.    The district court properly exercised its substantial discretion in denying Ugochukwu's motions. ...............................15

II.    Remand and judicial reassignment are unnecessary. ..........................19

CONCLUSION .....................................................................21

CERTIFICATION OF COMPLIANCE WITH WORD LIMITATION.................22

CERTIFICATE OF SERVICE .................................................23

DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS .............24

# TABLE OF AUTHORITIES

**Federal Cases**

*Dillon v. United States,* 560 U.S. 817 (2010) ..........................................16

*Houston v. Lack*, 487 U.S. 266 (1988)........................................................1

*Sagan v. United States*, 342 F.3d 493 (6th Cir. 2003) ..............................19

*Solomon v. United States*, 467 F.3d 928 (6th Cir. 2006) ..........................19

*United States v. Abdullah*, 119 F.4th 496 (6th Cir. 2024) .........................12

*United States v. Anderson*, 772 F.3d 662 (11th Cir. 2014).......................15

*United States v. Bonds*, 839 F.3d 524 (6th Cir. 2016) ..............................12

*United States v. Brim*, 661 F. App'x 879 (6th Cir. 2016)................................ 13, 18

*United States v. Correa–Gomez*, 328 F.3d 297 (6th Cir. 2003) ...............14

*United States v. Curry*, 606 F.3d 323 (6th Cir. 2010) ..............................12

*United States v. Gilbert*, 952 F.3d 759 (6th Cir. 2020) ............................12

*United States v. Gillis*, 592 F.3d 696 (6th Cir. 2009) ...............................12

*United States v. Holland*, 391 F. App'x 468 (6th Cir. 2010).....................12

*United States v. Marrero*, 651 F.3d 453 (6th Cir. 2011) ..........................12

*United States v. Moore*, 582 F.3d 641 (6th Cir. 2009) .............................12

*United States v. Payton*, 979 F.3d 388 (6th Cir. 2020)...............................1

*United States v. Randall*, 666 F.3d 1238 (10th Cir. 2011) .......................14

*United States v. Thomas*, No. 24-3421,
  2024 WL 5055405 (6th Cir. Dec. 10, 2024)................................. 13, 18

*United States v. Thomas-Mathews*, 81 F.4th 530 (6th Cir. 2023) ..........................19

*United States v. Ugochukwu*, 538 F. App'x 674 (6th Cir. 2013).........................4, 5

*United States v. Wooley*, No. 16-3925,
    2017 WL 3613318 (6th Cir. Feb. 28, 2017) ........................................14

**Federal Statutes**

18 U.S.C. § 3231 ...........................................................................................1

18 U.S.C. § 3553(a) ........................................................................... *passim*

18 U.S.C. § 3582(c)(2) ....................................................................... *passim*

28 U.S.C. § 1291 ...........................................................................................1

28 U.S.C. § 2106 .........................................................................................19

**Federal Rules**

Fed. R. App. P. 4(b) ......................................................... 1, 8, 13, 14

Fed. R. App. P. 4(c) .....................................................................................1

Fed. R. App. P. 34(a)(2)(C) ........................................................... vi

**Sentencing Guidelines**

U.S.S.G. § 1B1.10.......................................................................................16

U.S.S.G. § 2D1.1(c) ......................................................................................7

U.S.S.G. § 2D1.1(c)(2) .................................................................................4

U.S.S.G. § 3B1.1(a) ......................................................................................4

U.S.S.G. § 4C1.1(10) ..................................................................................17

## STATEMENT REGARDING ORAL ARGUMENT

Plaintiff-Appellee, the United States of America, believes that oral argument is unnecessary because the briefs and record adequately present the facts and legal arguments in this case, and oral argument would not significantly aid the Court.

In this consolidated appeal, Defendant-Appellant, Christopher Ugochukwu, challenges the district court's denial of two near-identical sentence-reduction motions brought under Amendment 782.  (*See* Doc. 5: Ugochukwu's Br., pp. 18-22 (Case No. 24-3869); *see also* Doc. 3: Ugochukwu's Br., pp. 15-20 (Case No. 24-3953)).[1]  Given the overlapping nature of Ugochukwu's claims and the district court's straightforward denial of those claims, this Court can easily assess Ugochukwu's appeal without oral argument.  The United States, therefore, respectfully recommends that this Court forego oral argument under Federal Rule of Appellate Procedure 34(a)(2)(C).

---

[1] When citing to Ugochukwu's briefs, the United States uses pagination in the court-provided header.

## JURISDICTIONAL STATEMENT

The district court had jurisdiction over this case under 18 U.S.C. § 3231 because it involved Ugochukwu's offenses against the laws of the United States. (*See* R. 18: Indictment, PageID 583-719).

On April 2 and October 9, 2024, Ugochukwu filed the sentence-reduction motions at issue on appeal. (R. 1085: Motion, PageID 8152-55; R. 1122: Motion, PageID 8265-69). The district court had jurisdiction to consider Ugochukwu's motions under 18 U.S.C. § 3582(c)(2), and it denied them on September 17 and October 10, 2024. (R. 1112: Order, Page ID 8225-26; R. 1123: Order, PageID 8272-77).

Ugochukwu filed notices of appeal on October 8 and October 31, 2024. (R. 1120: Notice, PageID 8260; R. 1127: Notice, PageID 8284).[2] This Court has appellate jurisdiction under 28 U.S.C. § 1291.

---

[2] Under the prisoner mailbox rule, *see Houston v. Lack*, 487 U.S. 266, 276 (1988), a prisoner's pleading is considered filed when it is mailed. Ugochukwu's notices are untimely and do not comply with Fed. R. App. P. 4(c), but they were filed within the time limit in which the district court could have extended the time to file a notice of appeal. *See* Fed. R. App. P. 4(b)(4). Rather than remand this case to the district court for a ruling on whether the deadline should be extended, *see United States v. Payton*, 979 F.3d 388, 390 (6th Cir. 2020), the government waives any objection to Ugochukwu's untimely notices.

# STATEMENT OF THE ISSUES

I.    Ugochukwu's two sentence-reduction motions at issue on appeal follow a
2015 motion in which Ugochukwu raised similar arguments and sought
similar relief.  The district court denied Ugochukwu relief in 2015, and
this Court dismissed the related appeal.  Are Ugochukwu's recent
motions time-barred and violative of the law-of-the-case doctrine?

II.   If a defendant is eligible for a sentence modification under 18 U.S.C.
§ 3582(c)(2), a district court may reduce his prison term but only after the
court considers the sentencing factors in 18 U.S.C. § 3553(a).  Though he
is eligible for a modification, the district court denied Ugochukwu's
sentence-reduction motions because it determined that the 3553(a) factors
weighed against a reduction.  In so ruling, did the district court abuse its
significant discretion?

## STATEMENT OF THE CASE

### I.    Introduction

Ugochukwu appeals the denial of two substantively-identical, sentence-reduction motions under 18 U.S.C. § 3582(c)(2).  Though he is eligible for a modification in light of Amendments 782 and 788 to the Sentencing Guidelines, the district court denied his motions—as it did in response to a similar motion Ugochukwu filed in 2015.  The court found that the sentencing factors in 18 U.S.C. § 3553(a) weighed against a reduction.  Specifically, it ruled that a modification was improper due to the nature and circumstances of Ugochukwu's offense and Ugochukwu's history and characteristics.  Considering the vast 24-defendant, multi-kilogram, heroin-distribution conspiracy that Ugochukwu managed, the court found that its original sentence remained necessary to protect the public and afford adequate deterrence.

In denying Ugochukwu's motions, the district court employed the correct legal analysis and exercised its substantial discretion.  This Court should affirm.

This Court should also affirm the denial of relief because Ugochukwu's motions are disguised reconsideration motions that are untimely and violative of the law-of-the-case doctrine.

## II.   Background

### A.   Ugochukwu receives a within-Guidelines sentence of 320 months' imprisonment after a jury convicts him of leading a multi-kilogram, heroin-distribution conspiracy.

In 2012, a federal jury convicted Christopher Ugochukwu for his role leading a 24-defendant, multi-kilogram, heroin-distribution conspiracy in Cleveland. *See United States v. Ugochukwu*, 538 F. App'x 674, 675 (6th Cir. 2013). The trial evidence showed that Ugochukwu had "fronted" hundreds of thousands of dollars' worth of heroin to his codefendants to distribute, and that Ugochukwu collected a large bag containing $300,000 of drug proceeds from one of those codefendants. *Id.* at 676. During a search of a codefendant's stash house, agents discovered an additional $1.2 million of drug proceeds. *Id.* And in Ugochukwu's apartment were "bags of heroin in finger form (suggesting recent arrival by body courier from overseas), currency, a money counter, a scale, a kilo press, a blender, a food sealer, cutting agents, packaging materials, and receipts for nearly $100,000 in money orders." *Id.* at 677.

At sentencing, Ugochukwu's Guidelines range was 292 to 365 months. *Id.* The district court calculated the range as follows: Ugochukwu's base offense level was 36 based on the 10-to-30-kilogram quantity of heroin for which he was held responsible, *see* U.S.S.G. § 2D1.1(c)(2) (2010), and the court applied a four-level enhancement under U.S.S.G. § 3B1.1(a) for Ugochukwu's role as an organizer and

leader of the distribution conspiracy, resulting in a total offense level 40. *Id.* Ugochukwu's criminal history category was I. *Id.; see also* (R. 655: Sentencing Op., PageID 5069-70; R. 685: Sentencing Tr., PageID 5420, 5437-38).

The district court ultimately imposed a within-Guidelines sentence of 320 months' imprisonment, and this Court affirmed on appeal. *See Ugochukwu*, 538 F. App'x at 677, 682. In imposing its sentence, the district court stressed its reliance on the sentencing factors in 18 U.S.C. § 3553(a). (R. 685: Sentencing Tr., PageID 5474). The court explained that Ugochukwu was "in charge, … the number one person," of "a conspiracy that involved 24 defendants," and that "the heroin this defendant provided to Cleveland, Ohio fed not only the addictions of other users and addicts, [but also] fed the addiction of the defendants who were also involved in the distribution of these drugs into the community." (*Id.*, PageID 5474-75). The court found "[t]he sheer quantity of the drugs involved" to be "staggering" and made Ugochukwu "a risk to the public," given the prevalence of drug overdoses and the harms that drug addiction poses to persons addicted to drugs. (*Id.*, PageID 5475-78). Considering the need for deterrence, the court stated that distribution of drugs, *i.e.*, "poison," "will not be tolerated." (*Id.*, PageID 5477). "If you're going to deal drugs, if you want to make millions of dollars in the drug trade and you want to take that risk, then you're going to face a harsh sanction, and that sanction is going to be an extensive sanction. You're going to

prison for a long period of time, and you're not going to be allowed or permitted to distribute this poison."  (*Id*.).  In sum, the court thought that it was impossible to "understate the seriousness of this type of crime [and] the need for a harsh sentence to protect the public and reflect the seriousness of the offense."  (*Id.*).

After sentencing, the district court also issued a nine-page written opinion to "supplement [its] oral pronouncement of sentence."  (R. 655: Sentencing Op., PageID 5068-76).  The court explained its view that "the [g]overnment's calculation of 17 kilograms of heroin is exceedingly conservative" because it was based only on "drugs actually seized during the investigation" and that "[t]here is no question from the evidence that significantly more heroin was trafficked and never confiscated."  (*Id.*, PageID 5070).  The court also supplemented its discussion of the 3553(a) factors, adding comments about the "widespread" "debilitating effects" that Ugochukwu's heroin trafficking had caused to lower-level defendants in the case and "throughout the community," "the growing dangers associated with heroin" that could not be "overstate[d]," and the "lengthy period of time" during which Ugochukwu had sold "kilogram after kilogram of heroin" into the community, "knowing full well that the poison was being spread throughout the very community that he was living in."  (*Id.*, PageID 5074-75).

6

**B.    In 2015, following Amendments 782 and 788 to the Sentencing Guidelines, Ugochukwu moves for a sentence reduction.  The district court denies his motion, citing the 18 U.S.C. § 3553(a) factors.**

While Ugochukwu was serving his sentence, the Sentencing Commission amended the drug-quantity table in U.S.S.G. § 2D1.1(c).  This change, reflected in Amendment 782, reduced the base offense level for most drug offenses by two levels.  Separately, through Amendment 788, the Commission made Amendment 782 retroactive.

In February 2015, Ugochukwu moved for a sentence reduction based on Amendments 782 and 788.  (R. 824: Motion, PageID 6917-31; R. 843: Supp. Motion, PageID 7058-7062).  In response, the government conceded that Ugochukwu was eligible for a reduced sentence under Amendment 782 but argued that the district court should nevertheless deny Ugochukwu's motion because a reduction was not warranted in light of the 18 U.S.C. § 3553(a) factors.  (R. 847: Government's Response, PageID 7069-77).

Siding with the government, the district court denied Ugochukwu's motion. (R. 877: Order, PageID 7244-49).  It found that Ugochukwu was eligible for a sentence reduction, but after balancing the 3553(a) factors, the court determined that Ugochukwu should not receive a reduction.  (*Id.*, PageID 7247-49).  In denying relief, the court stressed the seriousness of Ugochukwu's underlying offense conduct, in which he "led an extensive drug-dealing conspiracy,"

7

"travelled around the world to procure and sell drugs, collect money, and recruit and manage individuals who smuggled heroin into the United States," was solely responsible for the "bulk of the planning and organizing of the most vital part of the conspiracy," and "raked in the profits while the drugs he supplied poisoned the community." (*Id.*, PageID 7248). The court also noted that Ugochukwu had "received a disciplinary sanction as a result of a physical altercation with other inmates" while incarcerated. (*Id.*). The court concluded that "continued incarceration is necessary to protect the public and afford adequate deterrence to further criminal conduct." (*Id.*).

Ugochukwu failed to timely appeal the district court's order denying relief, and this Court dismissed his appeal. (*See* R. 902: Sixth Cir. Order, PageID 7423-24 (dismissing appeal under Fed. R. App. P. 4(b)).

### C. The district court denies Ugochukwu's more recent substantively-identical, sentence-reduction motions.

In April 2024, after the district court denied a separate compassionate-release motion,[3] Ugochukwu filed another sentence-reduction motion, arguing that the district court's analysis of the 3553(a) factors was inadequate and that he should have his sentenced truncated under Amendment 782. (R. 1085: Motion,

---

[3] The denial of Ugochukwu's compassionate-release motion was the subject of another appeal, *see* Case No. 24-3087.

PageID 8152-54).  Ugochukwu did not offer any new facts to support his renewed 3582(c)(2) motion.

Due to a filing error, the motion was erroneously titled as falling under Amendment 821.  The government opposed Ugochukwu's motion, explaining that Ugochukwu was ineligible under Amendment 821 due to his leadership role in the underlying offense.  (R. 1107: Sealed Response, PageID Unavailable).  The government had previously explained why a reduction was unwarranted under Amendment 782 in response to Ugochukwu's 2015 reduction motion.  (R. 847: Government's Response, PageID 7069-78).

In a form order, the district court denied Ugochukwu's motion finding him "ineligible for relief."  (R. 1112: Order, PageID, 8225).  That denial prompted the first of Ugochukwu's two appeals, which are now consolidated here: Case No. 24-3869.  (R. 1120: Notice of Appeal, PageID 8260).

The day after filing his notice of appeal in Case No. 24-3869, Ugochukwu filed another sentence-reduction motion, raising duplicative Amendment 782 arguments.  (R. 1122: Motion, PageID 8265-69).  Once again, he offered no new facts in support of his renewed motion, other than a general reference to the COVID-19 pandemic.  (*Id.*, PageID 8267).  And once again, the district court denied relief, incorporating its prior reasoning, *i.e.*, the 3553(a) factors weighed against any sentence reduction.  (*See* R. 1123: Order, PageID 8272 (citing

R. 877)).  Ugochukwu's second consolidated appeal, Case No. 24-3953, challenges

this denial.  (*See* R. 1127: Notice of Appeal, PageID 8284).

## SUMMARY OF THE ARGUMENT

This Court should affirm the district court's denial of Ugochukwu's sentence-reduction motions.

Before even considering the merits of Ugochukwu's appeal, this Court should affirm the denial of relief because Ugochukwu's motions are untimely and violate the law-of-the-case doctrine. The district court and this Court disposed of Ugochukwu's claims in 2015 and 2016. Ugochukwu's recent motions are disguised reconsideration motions that seek to circumvent previous orders in this case and the Federal Rules of Appellate Procedure.

Ugochukwu's claims also fail on the merits. Although he is eligible for a modification under Amendments 782 and 788, the district court properly exercised its discretion when it denied his motions after weighing the 3553(a) factors. As the district court recounted several times, Ugochukwu led an expansive heroin-distribution conspiracy that flooded Cleveland and its surrounding areas with poison. Such conduct, coupled with Ugochukwu's history and characteristics and the need for a serious sentence, warranted Ugochukwu's within-Guidelines sentence. By denying Ugochukwu's motions, the district court did not err. It, instead, reasonably determined that the 3553(a) factors still warranted the same significant sentence. This Court should affirm and simultaneously reject Ugochukwu's request for judicial reassignment.

11

# ARGUMENT

## I.     This Court should affirm the district court's denial of Ugochukwu's sentence-reduction motions.

### A.     Standard of review.

This Court reviews a district court's denial of a sentence-reduction motion for an abuse of discretion. *United States v. Abdullah*, 119 F.4th 496, 498 (6th Cir. 2024) (citation omitted). "A district court abuses its discretion when it applies the incorrect legal standard, misapplies the correct legal standard, or relies upon clearly erroneous findings of fact." *United States v. Moore*, 582 F.3d 641, 644 (6th Cir. 2009) (citation omitted). Even where the district court abuses its discretion, this Court vacates a decision only if the error was not harmless. *See United States v. Gillis*, 592 F.3d 696, 698 (6th Cir. 2009); *United States v. Marrero*, 651 F.3d 453, 471 (6th Cir. 2011). And this Court may affirm on any grounds supported by the record, even if different from the district court's rationale. *See United States v. Bonds*, 839 F.3d 524, 530 (6th Cir. 2016); *United States v. Gilbert*, 952 F.3d 759, 762 (6th Cir. 2020).

Furthermore, in denying relief under 18 U.S.C. § 3582(c)(2), a district court need not provide a fulsome explanation. If the court provides a sufficient reason, considering the "record as a whole," its explanation is adequate. *See United States v. Curry*, 606 F.3d 323, 331 (6th Cir. 2010) (citation and quotations omitted); *see also United States v. Holland*, 391 F. App'x 468, 470 (6th Cir. 2010) (affirming

denial of a sentence reduction when the district court incorporated by reference "the reasons stated in the government's brief."); *United States v. Brim*, 661 F. App'x 879, 881-83 (6th Cir. 2016) (affirming denial of sentence reduction using a form order when the court had given a thorough analysis of the sentence during defendant's sentencing hearing); *United States v. Thomas*, No. 24-3421, 2024 WL 5055405, at *2 (6th Cir. Dec. 10, 2024) ("[C]ourts need not issue lengthy opinions when resolving sentence-reduction motions. . . . In straightforward cases, they may instead deny relief in form orders.") (citations omitted).

### B.     Ugochukwu's sentence-reduction motions are untimely and violate the law-of-the-case doctrine.

Even before considering the merits of Ugochukwu's appeal, this Court should affirm the denial of relief because Ugochukwu's sentence-reduction motions (R. 1085 and R. 1122) are untimely and violate the law-of-the-case doctrine.

Ugochukwu's two motions repeat arguments he made in 2015 in his original 3582(c)(2) motion (*see* R. 824).  The district court denied Ugochukwu's original motion (R. 877), and in 2016, this Court dismissed Ugochukwu's related appeal because it was untimely.  (R. 902).  As a result, Ugochukwu's request for a sentence reduction under 3582(c)(2) has been and remains fully litigated.

This Court should accordingly view Ugochukwu's motions as reconsideration motions that seek to circumvent Fed. R. App. P. 4(b) and overturn

the district court's 2015 order and this Court's 2016 order. *See United States v. Randall*, 666 F.3d 1238, 1242-43 (10th Cir. 2011) (affirming denial of second 3582(c)(2) motion; explaining "a district court's ruling on a § 3582(c)(2) motion should not be open for reconsideration indefinitely. If it were, defendants could circumvent Rule 4(b).").

Such reconsideration motions must be filed within the "time for granting an appeal." *See United States v. Wooley*, No. 16-3925, 2017 WL 3613318, at *2 (6th Cir. Feb. 28, 2017) (affirming denial of sentence reduction; explaining "a motion for reconsideration of the denial of a § 3582(c)(2) motion must be filed within the time for granting an appeal.") (citing *Randall*, 666 F.3d at 1243; *United States v. Correa-Gomez*, 328 F.3d 297, 299 (6th Cir. 2003)). Here, that means Ugochukwu had to file his two motions by November 4, 2015—the due date for his notice of appeal following the district court's 2015 denial order. (R. 877: Order, PageID 7242-49 (entered October 21, 2015); *see also* R. 902: Order, PageID 7423). Ugochukwu missed that deadline by years. He filed his first 2024 sentence-reduction motion on April 2 (*see* R. 1085) and his second on October 9 (*see* R. 1122). Because both motions are untimely, this Court should affirm the district court's orders denying them.

In addition to their untimeliness, this Court should also affirm the denial of Ugochukwu's motions under the law-of-the-case doctrine. The doctrine,

14

formulated by federal courts, provides that prior decisions remain in force absent new evidence or an intervening change in controlling law. *United States v. Anderson*, 772 F.3d 662, 670 (11th Cir. 2014) (affirming denial of sentence reduction under law-of-the-case doctrine because defendant offered no justification to depart from previous orders denying relief).

Like the defendant in *Anderson*, Ugochukwu offers no factual or legal reason to depart from the district court's 2015 order or this Court's 2016 order. As such, his request for relief is foreclosed by the law of this case, and this Court should enforce that rule here to promote finality and efficiency in this case and the greater judicial system. *Id.* at 669 ("Courts have a compelling interest in continuity, finality, and efficiency both within cases and within the greater judicial system, and the law-of-the-case doctrine is an important feature in realizing this goal.").

### C. The district court properly exercised its substantial discretion in denying Ugochukwu's motions.

Ugochukwu's appeal fares no better on the merits. Even though he is eligible for a sentence reduction under Amendments 782 and 788 to the Sentencing Guidelines, the district court's denial of relief was a proper exercise of discretion. Simply put, the court reasonably found that the 3553(a) factors weighed against early release.

Courts employ a two-step process when evaluating sentence-reduction motions under 18 U.S.C. § 3582(c)(2). First, courts must follow the Sentencing Commission's instructions in U.S.S.G. § 1B1.10 to determine the prisoner's eligibility for a reduction. *Dillon v. United States,* 560 U.S. 817, 827 (2010). Specifically, the court must "'determin[ne] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* (citation omitted). Second, if the defendant is eligible, the court must consider the 3553(a) factors and "demine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.*

Here, the district court followed the necessary steps when it denied Ugochukwu's initial sentence-reduction motion, filed in 2015, and again when it applied the same rationale to Ugochukwu's two 2024 motions. The court determined that Ugochukwu was eligible for a reduced Guidelines range of 235 to 293 months. (R. 877: Order, PageID 7247). But, under the second step, the court concluded that the Section 3553(a) factors weighed against a reduction. (*Id.*).

In so ruling, the court properly exercised its discretion. It explained, as it did at Ugochukwu's sentencing hearing, that the nature and circumstances of Ugochukwu's offense—a vast and complex heroin-trafficking conspiracy—

16

demonstrated that Ugochukwu was a public danger. (*Id.*, PageID 7248). In addition, the court noted that a reduction was not appropriate in light of Ugochukwu's history and characteristics, including his disciplinary record while incarcerated. (*Id.*; *see also* R. 1123: Order, PageID 8272 (citing R. 877)).

Furthermore, Ugochukwu's misfiling of one motion did not result in reversible error. As noted above, Ugochukwu's second sentence-reduction motion was erroneously titled as a motion under Amendment 821, even though the body of Ugochukwu's motion sought relief under Amendment 782. (R. 1085: Motion, Page ID 8152-55). In response to this motion, the government explained that Ugochukwu was ineligible for a reduced sentence under Amendment 821 because his leadership role in the offenses precluded relief. (R. 1107: Sealed Response, PageID Unavailable (citing U.S.S.G. § 4C1.1(10))). The district court denied Ugochukwu's motion, noting he was "ineligible." (R. 1112: PageID, 8225). The court did not clarify whether it based its decision on Amendment 782 or 821, but that omission is immaterial because (a) Ugochukwu is categorically ineligible for a reduction under Amendment 821 according to the Guideline's plain text, *see* U.S.S.G. § 4C1.1(10), and (b) the court had already determined that Ugochukwu was not entitled to a reduced sentenced under Amendment 782 because the 3553(a) factors weighed against a reduction. (*See* R. 877: Order, PageID 7244-49).

Ugochukwu claims that the district court treated him unfairly, but the record shows otherwise. (*See* Doc. 5: Ugochukwu's Br., p.17 (Case No. 24-3869); Doc. 3: Ugochukwu's Br., p. 19 (Case No. 24-3953)). Again, the court's sentencing statements, and separate sentencing opinion, show that the court thoughtfully considered Ugochukwu and his offense before imposing a sentence. (*See* R. 685: Sentencing Tr., PageID 5474-78; R. 655: Sentencing Op., PageID 5068-76). And the court's orders denying Ugochukwu's sentence-reduction motions show a continuation of reasoned judgment. (*See* R. 877: Order, PageID 7244-49; R. 1112: Order, PageID, 8225; R. 1123: Order, PageID 8272 (citing R. 877)).

In sum, the court's decision to "stick" with its original sentence after reconsidering the 3553(a) factors is the type of decision that falls within the district court's discretion. *See Brim*, 661 F. App'x at 881-83 (affirming denial of sentence reduction using a form order when the court had given a thorough analysis of the sentence during defendant's sentencing hearing); *Thomas*, 2024 WL 5055405, at *2-3 (affirming denial of sentence reduction based on district court's "one-page form order[]" in which court "opted to stick with the same sentence because of the nature of [defendant's] crimes."). Because there was no abuse of that discretion, this Court should affirm.

## II.    Remand and judicial reassignment are unnecessary.

There is no reason to remand this case because, as explained above, the district court reasonably exercised its discretion by denying Ugochukwu's motions. If, however, this Court remands, it should reject Ugochukwu's barebones request for judicial reassignment.  (*See* Doc. 5: Ugochukwu's Br., p. 22 (Case No. 24-3869); Doc. 3: Ugochukwu's Br., p. 23 (Case No. 24-3953)).

This Court has the authority to order reassignment under 28 U.S.C. § 2106, but that power is "'extraordinary'" and "'should rarely be invoked[.]'"  *Solomon v. United States*, 467 F.3d 928, 935 (6th Cir. 2006) (denying reassignment) (quoting *Sagan v. United States*, 342 F.3d 493, 501 (6th Cir. 2003)); *see also United States v. Thomas-Mathews*, 81 F.4th 530, 547 (6th Cir. 2023) (denying reassignment).

To determine whether reassignment is necessary, this Court must consider "(1) whether the original judge would reasonably be expected to have substantial difficulty in putting out of his [] mind previously expressed views or findings; (2) whether reassignment is advisable to preserve the appearance of justice; and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness."  *Solomon*, 467 F.3d at 935; *Thomas-Mathews*, 81 F.4th at 547.

There is no reason to remand this case to a different judge.  Nothing in the record suggests that the assigned district court judge could not follow this Court's

instructions on remand.  Despite Ugochukwu's allegations of unfairness and bias, none of the district court's rulings in this case demonstrate either towards Ugochukwu.  Ordering reassignment would also lead to unnecessary waste and duplication as a different judge would need to learn the history of Ugochukwu's crimes and his many post-trial proceedings.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court affirm the district court's denial of Ugochukwu's sentence-reduction motions.

Respectfully submitted,

CAROL M. SKUTNIK
Acting United States Attorney

By:   */s/ Joseph H. Walsh*
       Joseph H. Walsh
       Assistant United States Attorney
       801 West Superior Avenue, Suite 400
       Cleveland, OH 44113
       Telephone: (216) 622-3833
       Joseph.Walsh@usdoj.gov

       Counsel for Plaintiff-Appellee

**CERTIFICATION OF COMPLIANCE WITH WORD LIMITATION**

I hereby certify that the foregoing contains 3,928 words according to the word-counting feature of Microsoft Word for Office 365 and complies with this Court's 13,000-word limit for briefs.

*/s/ Joseph H. Walsh*
Joseph H. Walsh
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2025, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

*/s/ Joseph H. Walsh*
Joseph H. Walsh
Assistant United States Attorney

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT
## DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

Pursuant to Sixth Circuit Rule 30(b), the United States designates the

following district court filings as relevant to this appeal:

| DESCRIPTION OF ENTRY | RECORD ENTRY NO. | PAGE ID RANGE |
|---|---|---|
| Docket Sheet, Northern District of Ohio, Case No. 1:10-cr-00405 | N/A | N/A |
| Indictment | 18 | 583-719 |
| Sentencing Opinion | 655 | 5068-76 |
| Sentencing Transcript | 685 | 5420-78 |
| Motion for Sentence Reduction | 824 | 6917-31 |
| Supplement to Motion for Sentence Reduction | 843 | 7058-62 |
| Government's Response to Motion for Sentence Reduction | 847 | 7069-78 |
| Order Denying Motion | 877 | 7244-49 |
| Sixth Circuit Order Dismissing Appeal | 902 | 7423-24 |
| Motion for Sentence Reduction | 1085 | 8152-55 |
| SEALED Government Response to Motion for Sentence Reduction | 1107 | Unavailable |
| Order Denying Motion | 1112 | 8225-26 |
| Notice of Appeal | 1120 | 8260 |
| Motion for Sentence Reduction | 1122 | 8265-69 |
| Order Denying Motion | 1123 | 8272-77 |
| Notice of Appeal | 1127 | 8284 |